NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12707


   MARGARET C. DOHERTY, personal representative,[1] vs.  DIVING
         UNLIMITED INTERNATIONAL, INC., & others.[2]



      Essex.      October 4, 2019. - February 27, 2020.

   Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
                    & Kafker, JJ.


      Wrongful Death.  Negligence, Wrongful death.  Waiver.



      Civil action commenced in the Superior Court Department on
May 5, 2015.

      The case was heard by Janice W. Howe, J., on a motion for
summary judgment.

      The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


      Neil Rossman for the plaintiff.
      Martin K. DeMagistris for John Golbranson.
      Jennifer A. Creedon, for Massachusetts Defense Lawyers
Association, amicus curiae, submitted a brief.
      John J. Barter, for Professional Liability Foundation,
Ltd., amicus curiae, submitted a brief.

_____

      [1] Of the estate of Gregg C. O'Brien.

      [2] Nicholas Fazah, EC Divers, Inc., and John Golbranson.

LOWY, J.  Following a fatal scuba diving accident involving the plaintiff's decedent in May 2014, the plaintiff, as personal representative of the decedent's estate, brought a wrongful death action under G. L. c. 229, § 2 against the manufacturer of the "dry suit" that the decedent used on his dive, the individual who supplied the decedent his diving equipment and outfitted him, the company that owned and rented that equipment, and the dive leader, John Golbranson.  After the plaintiff had settled with all defendants other than Golbranson, a judge of the Superior Court granted summary judgment in his favor based on the release from liability and covenant not to sue that the decedent signed just before his death.  The plaintiff appealed, claiming that the statutory beneficiaries have an independent right to a wrongful death action that the decedent could not have waived.  We transferred this case from the Appeals Court on our own motion.

As explained in our opinion in GGNSC Admin. Servs., LLC v. Schrader, 484 Mass.    ,     (2020) (GGNSC), released today, we conclude that the beneficiaries of a wrongful death action have rights that are derivative of, rather than independent from, any claim the decedent could have brought for the injuries causing his death.  Therefore, the waivers the decedent signed control all claims for his wrongful death.  Accordingly, we affirm the grant of summary judgment.

1. <u>Background</u>.  a.  <u>Facts</u>.  "In reviewing a motion for summary judgment, we view the evidence in the record in the light most favorable to the nonmoving party."  <u>Meyer</u> v. <u>Veolia Energy N. Am</u>., 482 Mass. 208, 209 (2019).  Here, where the plaintiff does not contest on appeal the judge's determination that the waivers were valid, or that Golbranson was acting as an agent for Diving Unlimited International, Inc. (DUI), the manufacturer of the dry suit that the decedent wore on his dive, we present only the essential facts.

The decedent, who was a certified open-water scuba diver, drowned while participating in a promotional diving equipment event that was sponsored by DUI and held in Gloucester.  At this event, where local divers tested DUI's dry suit, Golbranson was the leader of the dive, overseeing some of the participants.

Prior to participating in the event, the decedent signed two documents.  The first was a release from liability which had several subsections that were set forth in all capital letters and underlined, including "effect of agreement," "assumption of risk," "full release," "covenant not to sue," "indemnity agreement," and "arbitration."  In capital letters under the subsection titled "effect of agreement," it said, "Diver gives up valuable rights, including the right to sue for injuries or death."  It also told the decedent to read the agreement carefully and not to sign it "unless or until you understand."

The subsection titled "full release" stated that the decedent "fully release[d] DUI from any liability whatsoever resulting from diving or associated activities," and the subsection titled "covenant not to sue" stated that the decedent agreed "not to sue DUI for personal injury arising from scuba diving or its associated activities," and that the decedent's "heirs or executors may not sue DUI for death arising from scuba diving or its associated activities."

The decedent also signed an equipment rental agreement which stated, "This agreement is a release of the [decedent's] rights to sue for injuries or death resulting from the rental and/or use of this equipment. The [decedent] expressly assumes all risks of skin and/or scuba diving related in any way to the rental and/or use of this equipment."

Golbranson led a group comprised of the decedent and two other divers. During their dive, one of the divers experienced a depleted air supply. Golbranson signaled for the group to surface and to swim back to shore on the surface. Only the decedent resisted, emphasizing his desire to keep diving, thus separating himself from the group that was returning to shore. Shortly thereafter, the decedent surfaced and called for help. The decedent died at the hospital from "scuba drowning after unequal weight belt distribution."

b.  Procedural history.  In her capacity as the decedent's personal representative, the plaintiff sued for the benefit of the decedent's statutory beneficiaries.  The second amended complaint alleged two counts against Golbranson resulting from his negligence:  (1) conscious pain and suffering; and (2) the decedent's wrongful death under G. L. c. 229, § 2.  Golbranson moved for summary judgment, claiming that the release from liability and the equipment rental agreement (collectively waivers) protected him, as an agent of DUI, against any negligence suit or liability.  The plaintiff opposed summary judgment, asserting that the waivers did not apply to Golbranson when he was negligent in his individual capacity and that neither waiver would prevent the decedent's statutory beneficiaries from recovering damages for wrongful death.

The judge determined, and the plaintiff does not contest on appeal, that Golbranson acted as DUI's agent during the dive. The judge also concluded that the two waivers that the decedent signed prohibited the plaintiff from bringing an action for negligence against Golbranson.[3]

---

[3] As to the conscious pain and suffering claim, the judge found that the waivers negated the plaintiff's ability to recover, because the decedent clearly had the authority to waive those rights.

As to the wrongful death claim, the judge concluded that G. L. c. 229, § 2, created a right to recovery that is derivative of the decedent's own cause of action.[4]  In addition, she concluded that the agreements were valid and, thus, precluded any recovery on behalf of the decedent's statutory beneficiaries, who had no rights independent of the decedent's cause of action, which was waived.

2.  Discussion.  We review "a grant of summary judgment de novo . . . to determine whether . . . all material facts have been established and the moving party is entitled to judgment as a matter of law" (quotation and citation omitted).  Boston Globe Media Partners, LLC v. Dep't of Pub. Health, 482 Mass. 427, 431 (2019).

Given that the plaintiff does not contest the judge's determinations that the release from liability and the equipment rental agreement are valid and that those waivers covered Golbranson as an agent of DUI, the only issue before the court is whether the statutory beneficiaries in the action for wrongful death have a right to recover damages that is independent of the decedent's own cause of action.  See G. L. c. 229, §§ 1, 2.  In GGNSC, 484 Mass. at     , we have resolved

_____

[4] In her analysis, the judge relied on a decision by a judge of the United States District Court for the District of Massachusetts that underlay our opinion in GGNSC.  See GGNSC, 484 Mass. at     .

that issue:  our wrongful death statute creates a derivative right of recovery for the statutory beneficiaries listed in G. L. c. 229, § 1.  Therefore, we hold that here, the valid waivers signed by the decedent preclude the plaintiff, as his "executor or personal representative," from bringing a lawsuit under G. L. c. 229, § 2, for the benefit of the statutory beneficiaries.[5]

   3.  Conclusion.  We affirm the judgment of the Superior Court granting Golbranson's motion for summary judgment.

                              So ordered.

---

[5] Golbranson devotes much time arguing that the release from liability and the equipment rental agreement negate any duty he may have had to the decedent.  We note that the release from liability was limited to "claims concern[ing] ordinary negligence," Sharon v. Newton, 437 Mass. 99, 110 n.12 (2002), and Golbranson does not contend that the waivers would have applied to other forms of malfeasance, such as gross negligence, or willful, wanton, or reckless acts.  We have "consistently recognized that there is a certain core duty -- a certain irreducible minimum duty of care, owed to all persons -- that as a matter of public policy cannot be abrogated:  that is, the duty not to intentionally or recklessly cause harm to others." Rafferty v. Merck & Co., 479 Mass. 141, 155 (2018).  Specifically, "'while a party may contract against liability for harm caused by its negligence, it may not do so with respect to its gross negligence' or, for that matter, its reckless or intentional conduct."  Id., quoting Maryland Cas. Co. v. NSTAR Elec. Co., 471 Mass. 416, 422 (2015). Nonetheless, only the decedent's executor or administrator has the right to bring a cause of action for gross negligence, not the statutory beneficiaries.